IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ANTHONY ELLINGBERG § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-2005-L |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Anthony Ellingberg, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted by a jury of aggravated robbery and unlawful possession of body armor by a felon. Punishment was assessed at 45-years confinement on the first charge and 10-years confinement on the second charge. Both convictions and sentences were affirmed on direct appeal. *Ellingberg*, Nos. 05-03-00997-CR & 05-03-00998-CR, 2004 WL 596231 (Tex. App.--Dallas, Mar. 26, 2004, no pet.). Petitioner also challenged his conviction for unlawful possession of body armor in an application for state post-conviction relief.[1] The application was denied without written order.

---

[1] In June 2005, petitioner filed a state writ challenging his conviction for aggravated robbery. According to petitioner, that application is currently pending before the Texas Court of Criminal Appeals. (*See* Hab. Pet. at 9, ¶ 23).

*Ex parte Ellingberg*, No. 62,343-01 (Tex. Crim. App. Aug. 17, 2005). Petitioner then filed this action in federal court.

II.

In four grounds for relief, petitioner contends that: (1) his conviction was obtained by evidence seized during an unlawful search of his vehicle; (2) the prosecutor knowingly presented false testimony at trial; (3) the prosecutor failed to disclose evidence favorable to the defense; and (4) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter*

*v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In his first ground for relief, petitioner complains that the police searched his vehicle without a warrant, consent, or exigent circumstances. Respondent counters that this claim is barred by the *Stone* doctrine.

1.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of

that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003).

2.

Petitioner had an opportunity to raise his unlawful search and seizure claim in a pretrial motion to suppress. His attorney also was able to object at trial to the admission of evidence obtained as a result of the allegedly unlawful search. That petitioner failed to take advantage of those opportunities does not render the *Stone* bar inapplicable. *See Caver*, 577 F.2d at 1192. This ground for relief should be overruled.[2]

C.

Next, petitioner accuses two Dallas police officers and a witness of testifying falsely at trial. According to petitioner, an unidentified police officer committed "fraud and perjury" by testifying that he was the arresting officer. Petitioner further alleges that Officer Julius Mundt falsely testified that petitioner's gun had a live round of ammunition in the chamber and contradicted statements made by the robbery victim regarding the nature and extent of her injuries. Finally, petitioner contends that Delores Pipkin, who testified that she saw petitioner beat the complainant, was not even present at the scene.

The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 112 S.Ct. 2983 (1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the

---

[2] The court notes that petitioner's unlawful search and seizure claim is without merit in any event. After making a lawful arrest, an officer is permitted to search a suspect's vehicle for the purpose of taking an inventory. *See Yaws v. State*, 38 S.W.3d 720, 723 (Tex. App.--Texarkana 2001, pet. ref'd). Such a search may be made without a warrant or probable cause and any incriminating evidence seized as a result of the search may be used against the suspect at trial. *Rodriquez v. State*, 641 S.W.2d 955, 958 (Tex. App.--Amarillo 1982, no pet.).

testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that any witness lied at trial, much less that the prosecutor knew such testimony was false. At most, there was conflicting evidence as to whether the gun recovered from petitioner was loaded, whether the robbery victim had any visible injuries and declined medical attention, and whether Pipkin actually witnessed the robbery. Such contradictory testimony, standing alone, is not tantamount to perjury. *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989); *King v. Dretke*, No. 3-05-CV-0995-B, 2005 WL 2316433 at *3 (N.D. Tex. Sept. 20, 2005), *rec. adopted*, 2005 WL 2547060 (N.D. Tex. Oct. 11, 2005).

D.

Petitioner also complains that one of the arresting officers, who no longer worked for the Dallas police department and did not testify at trial, confiscated $365.00 from his vehicle and did not list the money on the arrest report. Apparently, petitioner believes that the prosecutor had a duty to investigate this missing evidence and explain why the officer failed to testify.

1.

The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. See *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *Edmond*, 8 F.3d at 293; *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375,

3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

2.

Petitioner has failed to allege, much less prove, how the $365.00 seized from his vehicle or the reasons why the arresting officer failed to testify were "material" to his conviction for unlawful possession of body armor. *See United States v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."). Without such evidence, petitioner cannot establish a *Brady* violation. *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 990 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

E.

In his final ground for relief, petitioner criticizes his attorney for failing to call two character witnesses and for not challenging the admissibility of certain incriminating statements in a *sub rosa* hearing outside the presence of the jury.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring

that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

In a sworn affidavit filed with the state habeas court, petitioner's attorney, Frank Douglas, explained that he contacted Derrick Pratt prior to trial. Pratt, who was with petitioner at the time of his arrest, initially agreed to testify without a subpoena. However, he never admitted ownership of the body armor found in petitioner's vehicle and did not contradict the state's version of the robbery. Pratt only offered that he witnessed an "altercation" between petitioner and the robbery victim. Eleven days before trial, Douglas called Pratt on his cell phone. Pratt told Douglas that he was no longer interested in testifying and was leaving the state. Douglas relayed this information to petitioner's mother, Shirley Butler, who traveled from her home in Wichita, Kansas to attend the trial on June 9, 2003. After Douglas told Butler that the trial had been postponed for one week, Butler said she would contact Pratt and ask him to reconsider. Douglas did not hear anything further from Butler despite repeated attempts to contact her at home. On June 16, 2003, neither Pratt nor

Butler appeared in court to testify on behalf of petitioner. (*See* St. Hab. Tr. at 31-32).

As part of his state writ, petitioner included statements from Pratt and Butler. Pratt complains that he was never subpoenaed or "given the opportunity to testify to the events that I witnessed the night the crime took place, nor [petitioner's] character." Although Pratt acknowledged that he talked with Douglas prior to trial, he never heard from Douglas after the trial started. (*See id.* at 13). Butler stated that Douglas never informed her of the new trial date. (*Id.* at 14).

The state habeas court considered this evidence and found that "Mr. Douglas is a trustworthy individual and that the statements made by him in his affidavit are worthy of belief." (*Id.* at 28, ¶ 2). In so finding, the state court implicitly rejected the testimony of Pratt and Butler in favor of Douglas. Petitioner has failed to rebut this credibility determination by clear and convincing evidence. *See Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir.), *cert. denied*, 114 S.Ct. 637 (1993), *citing Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (habeas statute obliges federal judges to respect credibility determinations made by the trier of fact). Although the state habeas court did not address the other aspect of petitioner's ineffective assistance of counsel claim, the record shows that the trial court held a *sub rosa* hearing outside the presence of the jury to determine the admissibility of two incriminating statements made by petitioner after his arrest. (*See* SF-3-9).[3] This ground for relief is without merit and should be overruled.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

---

[3] At that hearing, Officer Mundt testified that petitioner threatened to start an "all-out war" and kill the complaining witness when he got out of prison. (*See* SF-III at 5-6). Defense counsel objected to the admission of those statements, but the trial court overruled the objection. (*Id.* at 8-9).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE